[Civ. No. 2005.   Fourth Appellate District.—June 25, 1937.]

NARANJAN SINGH, Appellant, v. M. C. GULLETT et al., Respondents.

S. P. Williams for Appellant.

Harry W. Horton for Respondents.

BARNARD, P. J.—This is an action for work and labor alleged to have been performed by the plaintiffs for the defendants.   After a verdict in favor of the plaintiff and against both defendants the court granted a new trial as to each defendant, the order specifying insufficiency of the evidence as one ground.   The plaintiff has appealed from that order and, it being conceded that all questions are moot in so far as the defendant Gullett is concerned, this appeal is presented only in so far as it relates to the defendant Chhina.

■ There is no dispute as to the law relating to the granting of new trials but appellant relies for a reversal upon the contention that there was no conflict in the evidence, that the evidence supports the verdict as rendered, and that it would not have supported a verdict in favor of either respondent.

The appellant testified that all arrangements for the work in question were made by his agent, Mitt Singh, who did or had charge of all of the work. Mitt Singh testified that the respondent Chhina asked him to do the work, that they agreed on prices for the different kinds of work, that he did specified amounts of work on a certain ranch, and that the work had not been paid for.

On the other hand, there was some evidence to support respondent Chhina's contention that he ordered the work as the agent of respondent Gullett, that he disclosed his principal, and that Mitt Singh understood and knew that he was doing the work for Gullett. Mitt Singh testified that he lived on the place where the work was done from a time before it was done until the day of the trial; that when Chhina ordered the work he told him that he was the foreman; that he did not think that Chhina had a lease on the place at any time; that he knew that Gullett had a lease on the place; that he had continued to work whenever there was any work to be done; that Gullett paid him; that several months after the work in question was done he asked Gullett to settle for all of the work he had done, including this work; and that thereafter he met with Gullett in an attempt to have the matter arbitrated. A statement showing the various amounts of work involved in this action, with the prices and total amounts, was introduced in evidence, which is headed: "Tractor work for Mr. Gullett." Mitt Singh testified that he had this statement prepared immediately after the work was done. During the course of the trial appellant's counsel stated to the court: "The question presupposes the work done out there is clearly shown to be done for Chhina. That is not the contention of the plaintiff at all. The contention is that Gullett had a lease and the work was done for Gullett through the solicitation of Chhina. Whether one or both are liable remains for the court and jury to decide."

In addition to the above it may be observed that a reading of Mitt Singh's testimony in the record discloses that it is evasive and unsatisfactory in a number of important respects

and that in several instances he contradicted himself and changed his testimony. The question involved was peculiarly one of fact for the court. A part of the evidence would have supported a judgment in favor of this respondent and, under the familiar rules, the discretion exercised by the trial judge may not be disturbed.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.